UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-21169-CR-KMM-AMS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**GERARDO MIRANDA,**

    Defendant.
_____/

## ORDER DENYING RULE 41(g) MOTION FOR RETURN OF SEIZED PERSONAL PROPERTY

This matter arose upon the Rule 41(g) Motion for Return of Seized Personal Property filed by Defendant Miranda (DE # 19).  The Government has filed a Response to the Motion (DE # 48).  Defendant has filed a Reply (DE #49).  This motion has been referred to the undersigned United States Magistrate Judge (DE # 20).  A hearing was held on January 27, 2009.  As set forth in more detail below, the Motion is denied based upon the uncontroverted fact that the U.S. government has never had possession of the property at issue.

According to the Motion, the Defendant was arrested on December 11, 2008 and several personal property items were seized from him, including his vehicle, a 2004 black Range Rover.  The Defendant seeks to have the United States Government return his vehicle to him. Defendant maintains that he was advised by the Government that the agents who seized the vehicle were planning to forfeit the vehicle although no money or contraband was found inside of the vehicle.  Defendant argues that under the terms of his bond, he must seek and maintain full time employment and therefore needs his vehicle to do so.  Defendant also asserts that the vehicle was purchased by him in 2004 with legitimate funds unrelated to the December 11, 2008 arrest.

The Government responds that the Defendant's December 11, 2008 arrest was a joint operation between the Drug Enforcement Administration and the Sunrise Police Department. The Government asserts that the vehicle at issue was seized by the Sunrise Police Department and given a Sunrise Police case number. Therefore, according to the Government, the United States did not seize the vehicle and does not have possession of the vehicle and therefore can not return the vehicle to the Defendant. In accordance with the Court's Order[1] at the hearing held on January 27, 2009, the Government has filed an Affidavit which expressly states the above facts and expressly states that the Sunrise Police Department seized the vehicle, the Sunrise Police Department presently has custody of the vehicle, and the United States does not have custody of the vehicle and "At no time will the United States seek forfeiture of this vehicle." (D.E. # 61).

In its Reply, the Defendant counters that this matter is a federal criminal case and the vehicle was seized as part of that case (DE # 49). Defendant argues since the federal government contends that the Sunrise Police Department has seized the vehicle, that the government is therefore renouncing jurisdiction over the vehicle. The Defendant requests that any activities videotaped and/or audiotaped from the vehicle be stricken as inadmissible for lack of subject matter jurisdiction.

The Defendant's Motion is DENIED for the following reasons. The Defendant has not controverted the fact that the vehicle was seized by and remains in the possession of the Sunrise Police Department. Thus, the Government is unable to return the vehicle to the Defendant. The fact that there is a criminal proceeding pending against the Defendant in federal court does not alter this conclusion. If the Defendant wishes to

---

[1] *See United States v. Potes Ramirez*, 260 F. 3d 1310, 1314-15 (11th Cir. 2001).

have his vehicle returned from the Sunrise Police Department, he should follow the appropriate channels with that entity.

Further, the Defendant's request to have certain materials related to the vehicle stricken is also denied.  The Defendant has improperly raised new claims for relief in its Reply which were not raised in its original Motion in violation of U.S. District Court for the Southern District of Florida Local Rule 7.1(C)(3). In addition, the Defendant has not cited any legal support for its claim that any videotape or audio tape evidence should be stricken due to the fact that the Government is not in possession of the vehicle.  Finally, the substance of the Defendant's argument in this regard is without merit.  The Defendant has provided no basis for suppressing video or audio evidence that may have been obtained during the arrest of the Defendant or during the seizure of  the Defendant's vehicle.   In fact, the Defendant has not even alleged that the seizure of his automobile was unlawful and/or in violation of the Fourth Amendment.  Thus, the Defendant has failed to provide any basis for striking any video or audio tapes.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that the Rule 41(g) Motion for Return of Seized Personal Property filed by Defendant Miranda (DE # 19) is **DENIED**.[2]

**DONE AND ORDERED** in chambers in Miami, Florida on January 28, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

---

[2]  If the District Court determines that a Report and Recommendation should have been entered pursuant to 28 U.S.C. § 636(b)(1)(B), rather than an Order, the undersigned Magistrate Judge intends this Order to be treated as such.

**Copies furnished to:**
**The Honorable K. Michael Moore, U.S. District Judge**
**All Counsel of Record via CM/ECF**